**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-4492**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

WILLIAM DEXTER FINKLEY,

        Defendant - Appellant,

_____

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge.  (4:18-cr-01079-RBH-1)

_____

Submitted:  April 25, 2023                    Decided:  May 17, 2023

_____

Before GREGORY, Chief Judge, KING, Circuit Judge, and MOTZ, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**ON BRIEF:**  William W. Watkins, Sr., WILLIAM W. WATKINS, PA, Columbia, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, Andrew R. de Holl, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Dexter Finkley appeals his 144-month sentence imposed pursuant to his guilty plea to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g). On appeal, he asserts that the sentencing judge erred by not reviewing the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA) enhancement at the sentencing hearing; that he was improperly categorized as an armed career criminal; and that his attorney provided ineffective assistance by failing to object to his enhancement under the ACCA. For the following reasons, we dismiss the appeal.

In a plea agreement, Finkley waived the right to contest his conviction or sentence other than for claims based on "ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence." Finkley contends that the waiver was involuntary because he "did not know he could object to the calculation of his being classified as an [a]rmed [c]areer [c]riminal" and that claims of ineffective assistance of counsel are not within the scope of the waiver.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). A waiver is valid if it is "entered by the defendant knowingly and intelligently." *Id.* To make that determination, we "consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). "Generally though, if a district court questions a defendant regarding the waiver

2

of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Contrary to Finkley's contentions, the record reveals that Finkley waived his appellate rights knowingly and voluntarily. After Finkley acknowledged that he had not been forced or threatened to plead guilty, the district court determined that Finkley was competent to enter his guilty plea. The court questioned Finkley about the waiver, and Finkley stated that he understood its significance. Our review of the record reveals that the waiver is valid and enforceable. Regarding the scope of the waiver, Finkley argues only that his claims of ineffective assistance explicitly fall outside the scope of his waiver. Finkley correctly notes that his claims of ineffective assistance are not waived. But by failing to contend that any of his other claims fall outside the scope of the waiver, he has waived any challenge to the application of the waiver to them.

Turning to Finkley's ineffective assistance claim, we have previously held that such claims are cognizable on direct appeal "only where the record conclusively establishes ineffective assistance." *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). "Otherwise, the proper avenue for such claims is a 28 U.S.C. § 2255 motion filed with the district court." *Id.* Here, Finkley asserts that his attorney was ineffective for failing to object on several grounds to his ACCA status. The record does not conclusively show ineffective assistance and so these claims are not cognizable on direct appeal.

Accordingly, we dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*